# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 15, 2013

No. 13-50147
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AGUSTIN TEPEZANO-BEJARANO, also known as Agustin Tepezano-Bejarno,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2564-1

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Agustin Tepezano-Bejarano challenges, as substantively unreasonable, his 46-month within-Guidelines sentence for illegal reentry after removal. He maintains Guideline § 2L1.2 (unlawful reentry) lacks an empirical basis and double counts criminal history, his motive for returning to the United States was benign, and illegal reentry is a non-violent offense.  "[A] sentence within a properly calculated Guideline [sentencing] range is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Regarding his claim that Guideline § 2L1.2 is not supported by empirical data, Tepezano recognizes this contention is foreclosed, but he raises it to preserve it for possible future review. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

Our court previously has rejected the other contentions presented by Tepezano regarding the reasonableness of a sentence. *See id.* at 530-31 (application of unlawful-reentry Guideline causes double-counting of criminal history); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (benign motive for reentry rendered sentence unreasonable); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (illegal reentry is a mere trespass offense). The district court considered Tepezano's contentions in mitigation of his sentence and determined a sentence at the bottom of the applicable advisory Guidelines sentencing range was appropriate. There is no basis on which to disturb the presumption of reasonableness in this case. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.